FILED

2013 JUN 27 AM 11: 28

[U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA]

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TD BANK, N.A., as successor in interest
to Centerstate Bank of Florida, N.A.,
as successor in interest to TD Bank, N.A.,
as successor by merger to Carolina First
Bank, as successor by merger to
Mercantile Bank,

    Plaintiff,

v.

FED AUDAIN, as trustee for THE AUDAIN
PERROTT FAMILY TRUST, WENDY S.
PERROTT, as trustee for THE AUDAIN
PERROTT FAMILY TRUST, FED AUDAIN,
an individual, WENDY S. PERROTT, an
individual, and HEALTHY CHOICE
OBSTETRICS AND GYNECOLOGY, P.A.,
a Florida professional association,

    Defendants.
_____/

CASE NO: 6:13-cv-985-Orl-18GJK

## COMPLAINT FOR MONETARY JUDGMENT

Plaintiff, TD Bank, N.A. ("TD Bank" or "Plaintiff"), as successor in interest to Centerstate Bank of Florida, N.A. ("Centerstate Bank"), as successor in interest to TD Bank, as successor by merger to Carolina First Bank ("Carolina First Bank"), as successor by merger to Mercantile Bank ("Mercantile Bank"), sues defendants Fed Audain, as trustee for The Audain Perrott Family Trust ("Trustee Audain"). Wendy S. Perrott, as trustee for The Audain Perrott Family Trust ("Trustee Perrott"), Fed Audain, an individual ("Audain"), Wendy S. Perrott, an individual ("Perrott"), and Healthy Choice Obstetrics and Gynecology, P.A., a Florida professional association ("Healthy Choice," and together with Trustee Audain, Trustee Perrott, Audain, and Perrott, the "Defendants"), and alleges as follows:

2041050 v2

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is a national banking association and for purposes of diversity, is a citizen of Delaware pursuant to its charter, with its principal place of business in Delaware. Plaintiff is authorized to transact business in the State of Florida.

2. The Audain Perrott Family Trust is a Florida trust settled on June 12, 2000, having its address at 1914 Saltsdale Road, Umatilla, Florida, 32784 (the "Trust"). For diversity purposes, the Trust is a citizen of Florida, the state in which its trustees are citizens.

3. Defendant Trustee Audain is one of two trustees and grantors of the Trust, is an individual who is a citizen of Florida, and has his domicile at 1914 Saltsdale Road, Umatilla, Florida, 32784.

4. Defendant Trustee Perrott is one of two trustees and grantors of the Trust, is an individual who is a citizen of Florida, and has her domicile at 1914 Saltsdale Road, Umatilla, Florida, 32784.

5. Defendant Audain is an individual who is a citizen of Florida with his domicile at 1914 Saltsdale Road, Umatilla, Florida, 32784.

6. Defendant Perrott is an individual who is a citizen of Florida with her domicile at 1914 Saltsdale Road, Umatilla, Florida, 32784.

7. Defendant Healthy Choice is professional association organized under the laws of Florida and having its principal office at 400 W. Woodward Avenue, Eustis, Florida 32726. Its members are Audain and Perrott, who are citizens of Florida.

8. The Court has jurisdiction of this matter because the amount in controversy is greater than $75,000, exclusive of fees and costs and complete diversity exists between Plaintiff on the one hand and the Defendants on the other, pursuant to U.S.C. s 1332(a), as no Defendant

is a citizen of Delaware.

9. Venue is proper pursuant to 28 U.S.C. § 1391(b).

10. All conditions precedent to this action have been met, waived or have otherwise been satisfied.

## GENERAL ALLEGATIONS

11. Mercantile Bank made a loan (the "Loan") to the Trust which is evidenced by that certain Promissory Note dated May 12, 2006, in the original principal amount of $600,000.00 (the "Original Note"). A true and correct copy of the Original Note is attached hereto as **Exhibit A**.

12. To secure the Original Note, Trustee Audain and Trustee Perrott executed that certain Mortgage dated May 12, 2006, and recorded in the Official Records of Lake County, Florida at Book 03167, Pages 0085-0093 (the "Mortgage"). A true and correct copy of the Mortgage is attached hereto as **Exhibit B**.

13. To further secure the Original Note, Trustee Audain and Trustee Perrott executed that certain Assignment of Leases and Rents dated May 12, 2006, and recorded in the Official Records of Lake County, Florida at Book 03167, Pages 0094-0102 (the "Assignment of Rents"). A true and correct copy of the Assignment is attached hereto as **Exhibit C**.

14. Payment and performance under the Original Note and related documents were guaranteed by Audain pursuant to that certain Guaranty dated May 12, 2006 (the "2006 Audain Guaranty"). A true and correct copy of the 2006 Audain Guaranty is attached hereto as **Exhibit D**.

15. Payment and performance under the Original Note and related documents were guaranteed by Perrott pursuant to that certain Guaranty dated May 12, 2006 (the "2006 Perrott Guaranty"). A true and correct copy of the 2006 Perrott Guaranty is attached hereto as

**Exhibit E**.

16. Payment and performance under the Original Note and related documents were guaranteed by Healthy Choice pursuant to that certain Guaranty dated May 12, 2006 (the "2006 Healthy Choice Guaranty"). A true and correct copy of the 2006 Healthy Choice Guaranty is attached hereto as **Exhibit F**.

17. Effective July 1, 2007, Mercantile Bank merged with an into Carolina First Bank, pursuant to merger documents filed with the Florida Secretary of State on June 29, 2007, copies of which are attached hereto as **Exhibit G**.

18. As a result of the merger of Mercantile Bank with and into Carolina First Bank, Carolina First Bank became the owner and holder of the Original Note, the Mortgage, the Assignment of Rents, the 2006 Audain Guaranty, the 2006 Perrott Guaranty, and the 2006 Healthy Choice Guaranty (collectively, the "2006 Loan Documents").

19. The Original Note was renewed by that certain Promissory Note (Renewal Note) dated August 29, 2007, in the principal amount of $976,000.00 (the "Renewal Note"). A true and correct copy of the Renewal Note is attached hereto as **Exhibit H**.

20. To further secure the Renewal Note, Trustee Audain and Trustee Perrott executed that certain Modification of Mortgage dated August 29, 2007, and recorded in the Official Records of Lake County, Florida at Book 03513, Pages 0554-0558 (the "Mortgage Modification"). A true and correct copy of the Renewal Note is attached hereto as **Exhibit I**.

21. Payment and performance under the Renewal Note and related documents were guaranteed by Audain pursuant to that certain Guaranty dated August 29, 2007 (the "2007 Audain Guaranty"). A true and correct copy of the 2007 Audain Guaranty is attached hereto as **Exhibit J**.

22. Payment and performance under the Renewal Note and related documents were guaranteed by Perrott pursuant to that certain Guaranty dated August 29, 2007 (the "2007 Perrott Guaranty"). A true and correct copy of the 2007 Perrott Guaranty is attached hereto as **Exhibit K**.

23. Payment and performance under the Renewal Note and related documents were guaranteed by Healthy Choice pursuant to that certain Guaranty dated August 29, 2007 (the "2007 Healthy Choice Guaranty, and together with the Renewal Note, the Mortgage Modification, the 2007 Audain Guaranty, the 2007 Perrott Guaranty, and the 2007 Healthy Choice Guaranty, the "2007 Loan Documents"). A true and correct copy of the 2007 Healthy Choice Guaranty is attached hereto as **Exhibit L**.

24. Effective September 30, 2010, Carolina First Bank merged with and into TD Bank pursuant to merger documents filed with the South Carolina Secretary of State on September 30, 2010, copies of which are attached hereto as **Exhibit M**.

25. As a result of the merger of Carolina First Bank with and into TD Bank, TD Bank became the owner and holder of 2006 Loan Documents, the 2007 Loan Documents, and all other documents evidencing and securing the Loan (collectively, the "Loan Documents").

26. TD Bank assigned the Loan Documents to Centerstate Bank, as evidenced by that certain Assignment of Mortgages dated January 20, 2011, which was recorded in Official Records Book 4037, Page 450, *et seq.*, of the Public Records of Lake County, Florida (the "First Assignment"). A true and correct copy of the First Assignment is attached hereto as **Exhibit N**.

27. Centerstate Bank assigned the Loan Documents back to TD Bank, as evidenced by that certain Assignment of Notes, Mortgages and Other Loan Documents dated August 31, 2012, which was recorded in Official Records Book 4223, Page 936, *et seq.*, of the Public

Records of Lake County, Florida (the "Second Assignment"). A true and correct copy of the Second Assignment is attached hereto as **Exhibit O**.

28. As a result, TD Bank became and is the owner and holder of the Loan and the Loan Documents.

29. The Trust is in default of its obligations under the Loan Documents for, *inter alia*, its failure to make the payments due and owing on March 14, 2013, on April 14, 2013, and on May 14, 2013 or at any time thereafter, and for its failure to pay real estate taxes for the years 2011 and 2012.

30. In a letter dated May 17, 2013 (the "Demand Letter"), TD Bank made written demand on the Defendants to fulfill their obligations under the Loan Documents. A true and correct copy of the Demand Letter is attached hereto as **Exhibit P**.

31. To date, the Defendants have failed to fulfill their obligations under the Loan Documents.

32. As of June 25, 2013, there is due and owing to TD Bank under the Loan Documents the principal amount of $712,270.73; plus accrued interest in the amount of $6,919.08; plus late fees of $2,824.27, **for a total amount due of $722,014.08**, along with any additional principal, interest, late charges, costs, fees, attorneys' fees, and other reimbursable expenses as permitted under the Loan Documents (the "Indebtedness").

33. Due to the failure of the Defendants to pay amounts owing under the Loan Documents as and when due, it was necessary for TD Bank to employ the undersigned attorneys for the filing of this action, for which TD Bank will incur costs and expenses, including attorneys' fees, which the Defendants are obligated to pay under the terms and conditions of the Loan Documents.

## COUNT I
## BREACH OF CONTRACT - NOTE
(Trustee Audain and Trustee Perrott)

34. Plaintiff realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 33 as though fully set forth herein.

35. This is a count for damages for breach of a promissory note.

36. The Trust has breached its obligations under the Renewal Note for its failure to pay the amounts due and owing on March 14, 2013, on April 14, 2013, and on May 14, 2013 or at any time thereafter, and for its failure to pay real estate taxes for the years 2011 and 2012.

37. Although demand has been made upon the Trust, upon Trustee Audain, and upon Trustee Perrott to pay the amounts due and owing on the Renewal Note, the Trust, Trustee Audain, and Trustee Perrott have failed to pay and continue to fail to do so, causing Plaintiff to suffer damages in the amount of the Indebtedness.

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment in its favor and against the Trust, Trustee Audain, and Trustee Perrott for the amount of the Indebtedness, and to grant such other and additional relief as this Court may deem just and equitable.

## COUNT II
## BREACH OF CONTRACT - GUARANTY
(Audain)

38. Plaintiff realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 37 as though fully set forth herein.

39. As a result of the Trust's defaults under the Renewal Note, Audain is obligated to pay the amounts due and owing thereunder pursuant to the 2006 Audain Guaranty and the 2007 Audain Guaranty.

40. To date Audain has failed to pay the amounts due and owing pursuant to the 2006 Audain Guaranty and the 2007 Audain Guaranty and continues to fail to do so, causing Plaintiff

damages in the amount of the Indebtedness.

WHEREFORE, Plaintiff respectfully requests that this Court enter a final judgment in favor of Plaintiff and against Audain for the amount of the Indebtedness, and granting such other and additional relief as this Court may deem just and equitable.

## COUNT III
## BREACH OF CONTRACT - GUARANTY
### (Perrott)

41. Plaintiff realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 37 as though fully set forth herein.

42. As a result of the Trust's defaults under the Renewal Note, Perrott is obligated to pay the amounts due and owing thereunder pursuant to the 2006 Perrott Guaranty and the 2007 Perrott Guaranty.

43. To date Perrott has failed to pay the amounts due and owing pursuant to the 2006 Perrott Guaranty and the 2007 Perrott Guaranty and continues to fail to do so, causing Plaintiff damages in the amount of the Indebtedness.

WHEREFORE, Plaintiff respectfully requests that this Court enter a final judgment in favor of Plaintiff and against Perrott for the amount of the Indebtedness, and granting such other and additional relief as this Court may deem just and equitable.

## COUNT IV
## BREACH OF CONTRACT - GUARANTY
### (Healthy Choice)

44. Plaintiff realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 37 as though fully set forth herein.

45. As a result of the Trust's defaults under the Renewal Note, Healthy Choice is obligated to pay the amounts due and owing thereunder pursuant to the 2006 Healthy Choice

Guaranty and the 2007 Healthy Choice Guaranty.

46. To date Healthy Choice has failed to pay the amounts due and owing pursuant to the 2006 Healthy Choice Guaranty and the 2007 Healthy Choice Guaranty and continues to fail to do so, causing Plaintiff damages in the amount of the Indebtedness.

WHEREFORE, Plaintiff respectfully requests that this Court enter a final judgment in favor of Plaintiff and against Healthy Choice for the amount of the Indebtedness, and granting such other and additional relief as this Court may deem just and equitable.

DATED this 27th day of June, 2013.

                        Respectfully submitted,

                        */s/ Eric S. Golden*
                        Eric S. Golden, Esq.
                        Florida Bar Number: 146846
                        Primary Email:   egolden@burr.com
                        Secondary Email: jmorgan@burr.com
                        Michael A. Nardella, Esq.
                        Florida Bar Number: 51265
                        Primary Email:   mnardella@burr.com
                        Secondary Email: dmartini@burr.com
                        **BURR & FORMAN LLP**
                        200 S. Orange Avenue, Suite 800
                        Orlando, FL 32801
                        Telephone:  (407) 540-6600
                        Facsimile:  (407) 540-6601

                        **ATTORNEYS FOR PLAINTIFF AND LEAD TRIAL COUNSEL**