R 44
DS 353
IT 202

```
CFN    2007128382
Bk 03513 Pgs 0554 - 558; (5pgs)
DATE: 09/24/2007  01:23:15 PM
JAMES C. WATKINS, CLERK OF COURT
LAKE COUNTY
RECORDING FEES 44.00
MTG DOC 353.50
INTANGIBLE 202.00
```

ORIGINAL

# 5610082167

**THIS IS A BALLOON MORTGAGE AND THE FINAL PRINCIPAL PAYMENT OR THE PRINCIPAL DUE UPON MATURITY IS APPROXIMATELY $656,110.67, TOGETHER WITH ACCRUED INTEREST, IF ANY, AND ALL ADVANCES MADE BY THE MORTGAGEE UNDER THE TERMS OF THIS MORTGAGE.**

Return to: Post Closing Department, Mercantile div. of Carolina 1st Bank, 1311 North Westshore Blvd , Suite 101, Tampa, Florida 33607

This document was prepared by: Loan Operations - Document Preparation , Mercantile div. of Carolina 1st Bank, PO Box 1029, Greenville, South Carolina 29602

State of Florida's Documentary Stamp Tax required by law in the amount of $353.50 has been paid to the Clerk of the Circuit Court (or the County Comptroller, if applicable) for the County of LAKE, State of Florida.

---

Space Above This Line For Recording Data

## MODIFICATION OF MORTGAGE

**DATE AND PARTIES.** The date of this Real Estate Modification (Modification) is August 29, 2007. The parties and their addresses are:

**MORTGAGOR:**
  **FED AUDAIN**
  As GRANTOR AND TRUSTEE
  **WENDY S PERROTT**
  As GRANTOR AND TRUSTEE
  Of the **THE AUDAIN PERROTT FAMILY TRUST**
  Dated June 12, 2000, A Florida Trust
  1914 SALTSDALE ROAD
  UMATILLA, Florida 32784

**LENDER:**
  **MERCANTILE BANK DIV OF CAROLINAFIRST**
  Organized and existing under the laws of Florida
  100 South Orange Avenue
  Suite 100
  Orlando, Florida 32801

**1. BACKGROUND.** Mortgagor and Lender entered into a security instrument dated MAY 12, 2006 and recorded on MAY 22, 2006 (Security Instrument). The Security Instrument was recorded in the records of LAKE County, Florida at BOOK 03167 PAGE 0085-93 and covered the following described Property:

---

THE AUDAIN PERROTT FAMILY TRUST
Florida **Real Estate Modification**
FL/4Xepepper00985400005451017082907Y        ©1996 Bankers Systems, Inc., St. Cloud, MN Exper™        Page 1

SEE EXHIBIT 'A' WHICH IS ATTACHED HERETO AND MADE A PART HEREOF

The property is located in LAKE County at 400 W WOODWARD AVENUE, EUSTIS, Florida 32726.

**2. MODIFICATION.** For value received, Mortgagor and Lender agree to modify the Security Instrument as provided for in this Modification.

The Security Instrument is modified as follows:

  **A. Secured Debt.** The secured debt provision of the Security Instrument is modified to read:

  (1) Secured Debts. The term "Secured Debts" includes and this Security Instrument will secure each of the following:

  (a) Specific Debts. The following debts and all extensions, renewals, refinancings, modifications and replacements. A renewal note or other agreement, No. 5610082167, dated August 29, 2007, from Mortgagor to Lender, with a loan amount of $976,000.00 and maturing on August 17, 2017.

  (b) All Debts. All present and future debts made within 20 years from the date of this Security Instrument from Mortgagor to Lender, even if this Security Instrument is not specifically referenced, or if the future debt is unrelated to or of a different type than this debt. If more than one person signs this Security Instrument, each agrees that it will secure debts incurred either individually or with others who may not sign this Security Instrument. Nothing in this Security Instrument constitutes a commitment to make additional or future loans or advances. Any such commitment must be in writing. In the event that Lender fails to provide any required notice of the right of rescission, Lender waives any subsequent security interest in the Mortgagor's principal dwelling that is created by this Security Instrument. This Security Instrument will not secure any debt for which a non-possessory, non-purchase money security interest is created in "household goods" in connection with a "consumer loan," as those terms are defined by federal law governing unfair and deceptive credit practices. This Security Instrument will not secure any debt for which a security interest is created in "margin stock" and Lender does not obtain a "statement of purpose," as defined and required by federal law governing securities.

  (c) Sums Advanced. All sums advanced and expenses incurred by Lender under the terms of this Security Instrument.

  **B. Maximum Obligation Limit.** The maximum obligation provision of the Security Instrument is modified to read:

  (1) Maximum Obligation Limit. The total principal amount secured by this Security Instrument at any one time will not exceed $976,000.00. This limitation of amount does not include interest and other fees and charges validly made pursuant to this Security Instrument. Also, this limitation does not apply to advances made under the terms of this Security Instrument to protect Lender's security and to perform any of the covenants contained in this Security Instrument.

**3. WARRANTY OF TITLE.** Mortgagor warrants that Mortgagor continues to be lawfully seized of the estate conveyed by the Security Instrument and has the right to grant, bargain, convey, sell and mortgage the Property. Mortgagor also warrants that the Property is unencumbered, except for encumbrances of record.

**4. CONTINUATION OF TERMS.** Except as specifically amended in this Modification, all of the terms of the Security Instrument shall remain in full force and effect.

**5. ADDITIONAL TERMS.** PRINCIPAL INDEBTEDNESS HAS BEEN INCREASED BY $101,000.00 IN THE TOTAL AMOUNT OF $976,000.00 WITH THE CONSOLIDATION AND INCREASE OF LOANS 5610082167 AND 5610082256. DOCUMENTARY TAX IN THE AMOUNT OF $2,100.00 HAS BEEN PAID AND AFFIXED TO THE MORTGAGE DATED 5/12/06 LOAN #5610082167 AND $962.50 DATED 5/12/06 ON LOAN #5610082256. DOCUMENTARY TAX IN THE AMOUNT OF $353.50 ON THE PRINCIPLE INCREASE IN THE AMOUNT OF $101,000.00 IS BEING AFFIXED TO THE MODIFICATION OF MORTGAGE OF EVEN DATE.

**6. WAIVER OF JURY TRIAL.** All of the parties to this Modification knowingly and intentionally, irrevocably and unconditionally, waive any and all right to a trial by jury in any litigation arising out of or concerning this Modification or any other documents relating to the Secured Debts or related obligation. All of these parties acknowledge that this section has either been brought to the attention of each party's legal counsel or that each party had the opportunity to do so.

**SIGNATURES.** By signing under seal, Mortgagor agrees to the terms and covenants contained in this Modification. Mortgagor also acknowledges receipt of a copy of this Modification.

MORTGAGOR:

THE AUDAIN PERROTT FAMILY TRUST

By _____ (Seal)
FED AUDAIN, GRANTOR AND TRUSTEE

_____
(Witness) Celua Jennings

_____
(Witness)

By _____ (Seal)
WENDY S PERROTT, GRANTOR AND TRUSTEE

_____
(Witness) Celua Jennings

_____
(Witness)

LENDER:

Mercantile Bank div of CarolinaFirst

By _____ (Seal)
Mercantile Bank Lending Officer

_____
(Witness)

_____
(Witness) Celua Jennings

ACKNOWLEDGMENT.
(Business or Entity)

_County_ OF _Marion_, _State_ OF _Florida_ ss.
This instrument was acknowledged before me this _4th_ day of _September_, _2007_ by FED AUDAIN - GRANTOR AND TRUSTEE and WENDY S PERROTT - GRANTOR AND TRUSTEE of THE AUDAIN PERROTT FAMILY TRUST a Trust on behalf of the Trust. He/she/they is/are personally known to me or has/have produced _Driver's License_ as identification.

My commission expires:

NOTARY PUBLIC-STATE OF FLORIDA
Celua E. Jennings
Commission # DD366795
Expires: Nov. 26, 2008
Bonded Thru Atlantic Bonding Co., Inc.

_Celua E. Jennings_
(Notary Public)


(Lender Acknowledgment)

_County_ OF _Marion_, _State_ OF _Florida_ ss.
This instrument was acknowledged before me this _4th_ day of _September_, _2007_ by Mercantile Bank Lending Officer -- _Theresa Stephens_ of Mercantile Bank div of CarolinaFirst, a corporation, on behalf of the corporation. He/she/they is/are personally known to me or has/have produced _____ as identification.

My commission expires:

_Celua E. Jennings_
(Notary Public)

NOTARY PUBLIC-STATE OF FLORIDA
Celua E. Jennings
Commission # DD366795
Expires: Nov. 26, 2008
Bonded Thru Atlantic Bonding Co., Inc.

EXHIBIT "A"

Lot 1, 2, 3, 4 and 5 and the East 11 feet of Lot 6; and Lots 13, 14, 15 and 16, Block 94 and Lots 1, 2, 3 and 4, Block 97, of BADGER DIVISION, according to the Plat thereof as recorded In Plat Book 5, Page 39, of the Public Records of Lake County, Florida.