**EXHIBIT P**



*results matter*

Eric S. Golden
egolden@burr.com
Direct Dial: (407) 540-6603

200 South Orange Avenue
Suite 800
Orlando, FL 32801

*Main* (407) 540-6600
*Fax* (407) 540-6601

BURR.COM

May 17, 2013

**VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED,
AND VIA FIRST CLASS, U.S. MAIL**

Fed Audain and Wendy S. Perrot, As Grantor
and Trustee of the Audain Perrot Family Trust
1914 Saltsdale Road
Umatilla, Florida 32784

Wendy S. Perrot, Guarantor
1914 Saltsdale Road
Umatilla, Florida 32784

Fed Audain, Guarantor
1914 Saltsdale Road
Umatilla, Florida 32784

Healthy Choice Obstetrics and Gynecology,
PA, a Florida Association, Guarantor
c/o Fed Audain and Wendy S. Perrot
400 W. Woodward Avenue
Eustis, Florida 32726

Re:   Loan Number 5610082167 (the "Loan") from TD Bank, National Association, successor by merger to Mercantile Bank, a division of Carolina First Bank (the "Lender") to The Audain Perrot Family Trust (the "Borrower") and evidenced by, *inter alia*, that certain Promissory Note dated May 12, 2006 in the original principal amount of $600,000.00 (the "Original Note"), which was renewed by that certain Promissory Note dated August 29, 2007 in the original principal amount of $976,000.00 (the "Renewal Note"); the Mortgage dated May 12, 2006, and recorded in the Official Records of Lake County, Florida at Book 03167, Pages 0085-0093 (the "Mortgage"), which was modified by that certain Modification of Mortgage dated August 29, 2007, and recorded in the Official Records of Lake County, Florida at Book 03513, Pages 0554-0558 (the "Mortgage Modification" and together with the Mortgage, the "Mortgage Documents"); that certain Assignment of Leases and Rents dated May 12, 2006, and recorded in the Official Records of Lake County, Florida at Book 03167, Pages 0094-0102 (the "Assignment"), the Guaranty dated May 12, 2006 and the Guaranty dated August 29, 2007 executed by Fed Audain ("Audain") (collectively, the "Fed Audain Guaranties"); the Guaranty dated May 12, 2006 and the Guaranty dated August 29, 2007 executed by Wendy S. Perrot ("Perrot") (collectively, the "Perrot Guaranties"); the Guaranty dated May 12, 2006 and the Guaranty dated August 29, 2007 executed by Healthy Choice Obstetrics and Gynecology, PA, a Florida Association ("Healthy Choice" and together with Audain and Perrot, the "Guarantors" and together with the Borrower, the "Obligors") (collectively, the "Healthy Choice Guaranties" and together with the Fed Audain Guaranties and the Perrot Guaranties, the "Guaranties" and together with the Original Note, the Renewal Note, the Mortgage Documents, the Assignment, and all other documents that evidence the Loan, the "Loan Documents").

1982831 v1      ALABAMA • FLORIDA • GEORGIA • MISSISSIPPI • TENNESSEE

May 17, 2013
Page 2

Dear Borrower and Guarantors:

Please be advised that the Borrower is in default of its obligations under the Loan Documents for, *inter alia*, its failure to make the payments due and owing on March 14, 2013, on April 14, 2013, and on May 14, 2013 or at any time thereafter. In addition, the Borrower is in default for its failure to pay real estate taxes for the years 2011 and 2012. As a result of the Borrower's defaults, the Guarantors are liable for the amounts owed pursuant to the Guaranties.

Due to the defaults referenced above, the Lender has elected to exercise its right under the Loan Documents to accelerate such that all amounts owed under the Loan Documents are now due and payable to the Lender. In accordance with the terms of the Loan Documents, the Obligors owe the following amounts as of as of May 17, 2013:

| Principal | $716,385.01 |
| Interest | $ 6,411.80 |
| Late Charge | $ 2,200.69 |
| TOTAL | $724,997.50 |

In addition to the amounts above, the Obligors owe to the Lender any additional late charges that may accrue, other expenses and reimbursable amounts owed under the Loan Documents, including Lender's attorneys' fees and costs, plus additional interest, which will continue to accrue until all amounts owed under the Loan Documents are paid in full (the "Indebtedness").

The Lender hereby demands payment in full of the Indebtedness. Please be advised that if the total outstanding balance of the Indebtedness (plus all additional accrued interest) has not been paid in full within ten (10) days of the date of this letter, interest will begin to accrue at the default rate (as defined in Section 4 of the Renewal Note) on all outstanding unpaid amounts according to the terms of the Loan Documents until the total amount owed under the Loan Documents, including principal, interest, late fees, attorneys' fees and expenses and all other amounts owed under the Loan Documents, are paid in full. In addition, if the total amount of the Indebtedness is not paid in full within ten (10) days of this letter, the Lender may elect to pursue some or all of its legal and equitable rights and remedies available to it under the Loan Documents and under applicable law.

Furthermore, Lender hereby demands in accordance with the Assignment and Florida Statute 697.07, that on account of the Borrower's defaults under the Loan Documents, that all rents, if any, that have been collected by the Borrower be turned over to the Lender and that any future rents collected by the Borrower be turned over to the Lender.

Please be advised that the acceptance by Lender of any payments to the extent that they do not represent full payment of the Indebtedness, including all accrued and unpaid interest, late fees, attorneys' fees or other reimbursable expenses under the Loan Documents, shall not constitute a waiver by Lender of any defaults which may exist under the Loan Documents, or of any of Lender's rights and remedies under the Loan Documents, all of which are expressly reserved by the Lender.

1982831 v1

May 17, 2013
Page 3

---

Please be further advised that the Lender has not waived, and does not hereby waive, any rights, remedies or recourse available to it as a result of defaults which have occurred, or any other event of default which may now or hereafter exist, all of which rights and remedies are expressly reserved by the Lender.  Moreover, the execution and delivery of this letter shall neither operate nor be construed as a waiver of (a) any right, power or remedy of Lender, or (b) any term, provision, representation, warranty or covenant contained in any document or agreement.

PLEASE GOVERN YOURSELVES ACCORDINGLY.

Sincerely,

**BURR & FORMAN LLP**

Eric S. Golden

cc:    Mr. Charles Flint
       (sent by electronic mail only)