UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CASE NO.: 5:13:cv-316-Oc-22PRL

TD BANK, N.A., as successor in interest to Centerstate Bank of Florida, N.A., as successor in interest to TD Bank, N.A., as successor by merger to Carolina First Bank, as successor by merger to Mercantile Bank,

  Plaintiff,

v.

FED AUDAIN, as trustee for THE AUDAIN PERROTT FAMILY TRUST, WENDY S. PERROTT, as trustee for THE AUDAIN PERROTT FAMILY TRUST, FED AUDAIN, an individual, WENDY S. PERROTT, an individual, and HEALTHY CHOICE OBSTETRICS AND GYNECOLOGY, P.A.,

  Defendants.
_____/

## DEFENDANTS RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Defendants, FED AUDAIN ("Audain"), as trustee for THE AUDAIN PERROTT FAMILY TRUST, WENDY S. PERROTT, ("Perrott"), as trustee for THE AUDAIN PERROTT FAMILY TRUST ("Trust"), FED AUDAIN, an individual, WENDY S. PERROTT, an individual, and HEALTHY CHOICE OBSTETRICS AND GYNECOLOGY, P.A., ("Healthy Choice") (sometimes collectively "Defendants"), by and through their undersigned counsel, herewith files its Response to Plaintiff's, TD BANK, N.A., as successor in interest to Centerstate Bank of Florida, N.A., as successor in interest to TD Bank, N.A., as successor by merger to Carolina First Bank, as successor by merger to Mercantile Bank, ("Plaintiff"), Motion for Summary Judgment as follows:

1. On June 27, 2013, Plaintiff filed its Complaint in this action seeking monetary damages against Defendants for amounts due on a loan to the Trust, which Loan was guaranteed by Defendants, Audain, Perrot, and Healthy Choice.

2. On July 25, 2013, Defendants filed their Answer and Affirmative Defenses to the Complaint raising multiple affirmative defenses.

3. On October 3, 2013, Plaintiff filed its Motion for Summary Judgment with Incorporated Memorandum of Law.

4. In the meantime, Defendants have been working on a new business plan seeking additional investors or partners and concurrently working on procuring refinancing for the Loan.

5. The parties have filed a Joint Motion for Stay of Entry of Final Judgment, requesting a stay of entry of Final Judgment by this Court until December 18, 2013, in order to provide Defendants with sufficient time in which to either refinance and pay Plaintiff in full, or in which to present Plaintiff with a repayment plan which is acceptable to Plaintiff, in Plaintiff's sole and absolute discretion. See Joint Motion for Stay of Entry of Final Judgment attached hereto and incorporated herein as Exhibit "A."

6. The parties have also entered into a Settlement Agreement, in the event the parties reach such an arrangement prior to December 18, 2013, Plaintiff and Defendants will file a Joint Motion for Dismissal Without Prejudice.

7. Also as provided in the Settlement Agreement, in the event the parties cannot reach an arrangement before December 18, 2013, Plaintiff will file with this Court a "Joint Stipulation for Entry of Final Judgment". Upon that filing, Defendant consents to the immediate entry by this Court of Final Judgment against all Defendants, jointly and severally.

WHEREFORE, Defendants, FED AUDAIN, as trustee for THE AUDAIN PERROTT FAMILY TRUST, WENDY S. PERROTT, as trustee for THE AUDAIN PERROTT FAMILY TRUST, FED AUDAIN, an individual, WENDY S. PERROTT, an individual, and HEALTHY CHOICE OBSTETRICS AND GYNECOLOGY, P.A., respectfully request this Court, pursuant to the Joint Motion to Stay Entry of Final Judgment to enter its Order staying entry of the Final Judgment until December 18, 2013, and grant such other further relief that is just and equitable.

Respectfully submitted,

*/s/ Richard S. Bergholtz*
Richard S. Bergholtz, Esquire
Florida Bar No.: 0493953
POTTER CLEMENT BERGHOLTZ ALEXANDER
308 E. Fifth Avenue
Mount Dora, FL 32757
Phone: 352-383-4186
Fax: 352-383-0013
Primary: pleadings@bergholtzlaw.com
Secondary: rsb@bergholtzlaw.com
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing was filed electronically with the Clerk of Court using CM/ECF on this  17th   day of October, 2013 and a true and correct copy of the foregoing has been electronically served upon all counsel of record on October 17, 2013.

/s/ Richard S. Bergholtz
Richard S. Bergholtz, Esquire

## STIPULATION AND SETTLEMENT AGREEMENT

This Stipulation and Settlement Agreement (the "**Agreement**") is entered into this ____ day of October, 2013 by and between The Audain Perrott Family Trust (the "**Trust**"), Fed Audain as trustee for the Trust ("**Trustee Audain**"), Wendy S. Perrott as trustee for the Trust ("**Trustee Perrott**"), Fed Audain, in his personal capacity ("**Audain**"), Wendy S. Perrott in her personal capacity ("**Perrott**"), and Healthy Choice Obstetrics and Gynecology, P.A. ("**Healthy Choice**," and together with the Trust, Trustee Audain, Trustee Perrott, Audain, and Perrott, the "**Obligors**"), and TD Bank, N.A., as successor by merger to Mercantile Bank, as successor by merger to Carolina First Bank, as successor in interest to Millennium Bank ("**Lender**")(collectively the Borrowers and Lender shall be referred to herein as the "**Parties**").

## RECITALS

**WHEREAS**, Lender made a loan to the Trust (the "**Loan**") as evidenced by that certain (i) Promissory Note dated May 12, 2006, in the original principal amount of $600,000.00, as renewed by that certain Promissory Note (Renewal Note) dated August 29, 2007, in the principal amount of $976,000.00 (collectively, the "**Note**");

**WHEREAS**, to further secure payment on the Notes, Audain, Perrott, and Healthy Choice guaranteed payment on the Note;

**WHEREAS**, Lender is the owner and holder of the Note and other loan documents referenced in the complaint filed in the District Court Action (as defined below) (collectively referred to as the "**Loan Documents**");

**WHEREAS**, Obligors have defaulted under the Loan Documents by virtue of their failure to pay amounts due and owing under the Note;

**WHEREAS**, due to the defaults of the Obligors, on June 27, 2013, Lender filed Verified Complaint (the "**Complaint**") in the District Court for the Middle District of Florida, Case No. 5:13-cv-00316-ACC-PRL, against the Borrowers for their breach of the Loan Documents (the "**District Court Action**");

**WHEREAS**, on July 25, 2013, Obligors filed their Answer and Affirmative Defenses (the "**Answer and Defenses**")(Doc. 15) to the Complaint raising multiple affirmative defenses;

**WHEREAS**, on October 3, 2013, Lender filed its Motion for Summary Judgment with Incorporated Memorandum of Law (the "**Motion for Summary Judgment**")(Doc. 25);

**WHEREAS**, the Local Rules of the Middle District of Florida provide the Obligors with fourteen (14) days to respond to the Motion for Summary Judgment;

**WHEREAS**, the Obligors have been working on a new business plan seeking additional investors or partners and concurrently working on procuring refinancing for the Loan and do not intend to further contest or defend against the Motion for Summary Judgment;

**WHEREAS**, the Obligors have requested an additional sixty (60) days in which to refinance or otherwise present Lender with terms acceptable to Lender, and if not acceptable, then the Obligors have represented that they consent to the immediate entry of final judgment; and

**WHEREAS**, Lender has consented to a sixty (60) day stay of entry of final judgment provided that, if no resolution is reached, final judgment is immediately entered thereafter.

**NOW, THEREFORE**, in consideration of the mutual promises and covenants set forth herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1. <u>Recitals</u>. The recitals set forth above are incorporated herein and made part of this agreement by this reference.

2. <u>Stay of Entry of Final Judgment</u>. Lender and the Obligors will file a Joint Motion for Stay of Entry of Final Judgment and Notice of Settlement, attaching this Stipulation as an Exhibit, and advising the Court of these terms. Lender and the Obligors will request a stay of entry of Final Judgment until December 18, 2013. During the stay, the Obligors will attempt to refinance the Loan or otherwise pay Lender in full on the Loan, or will otherwise provide repayment terms and assurances to Lender which are acceptable to the Lender in the Lender's sole and absolute discretion.

3. <u>Consent to Entry of Final Judgment</u>. In the event the event that Lender is repaid in full prior to December 18, 2013, or the Parties reach an alternative arrangement prior to December 18, 2013, Lender and the Obligors will file a Joint Stipulation for Dismissal Without Prejudice. In the alternative, if as of December 18, 2013, the Obligors have neither paid the Loan in full nor presented to the Lender a repayment plan or arrangement which, in the Lender's sole and absolute discretion, is acceptable to Lender, the Obligors agree to the immediate entry of final judgment against all Obligors, jointly and severally, and on December 19, 2013, Lender is authorized and directed to file the Joint Stipulation for Entry of Final Judgment attached hereto as **Exhibit "A,"** which Lender will hold in escrow until that time. The Parties agree that the Final Judgment will be in the following amounts:

| Principal | $ 738,003.35 |
| --- | --- |
| Interest as of 10/5 | $ |
| Anticipated Interest from 10/15 through 12/18 | $ |
| Late Fees | $ 3,762.56 |
| Attorney's Fees | $ 14,294.00 |
| Anticipated Additional Attorney's Fees | $ 1,000.00 |
| Costs | $ 254.55 |
| TOTAL | $ |

Interest will continue to accrue at a *per diem* of $_____ until entry of Final Judgment.

4.   No Defenses or Claims in District Court Action; Release.   The Obligors represent, warrant, and agree that as of the date of this Agreement, Lender has taken no action, and has not failed to take any action, which action or inaction would give rise to a claim by Obligors, or by any other person acting by or through Obligors, against Lender in connection in any way with the Loan, this Agreement, or any other Loan Document, nor would any action taken or contemplated by this Agreement or any other Loan Document give rise to any such claim. The Obligors acknowledge and agree that they do not have any defenses, counterclaims, offsets, cross-claims, claims and demands of any kind or nature, known or unknown, knowable or unknowable, existing as of the date of this Agreement, including, without limitation, any usury or lender liability claims or defenses, whether known or unknown and whenever and howsoever arising, relating to the Loan, or to any past relationship between the Obligors and Lender (collectively, the "**Claims and Defenses**"), arising out of any of the Loan or the Loan Documents, or any past relationship between Obligors and Lender, that can be asserted either to reduce or eliminate all or any part of their liabilities for the amounts owed to Lender or to seek affirmative relief or damages of any kind or nature from Lender. The Obligors further acknowledge that to the extent that any such Claims and Defenses should in fact exist, including, without limitation, any usury or lender liability claim or any Claims and Defenses included in the Answer and Defenses (Doc. 15), they are fully, finally, and irrevocably released, waived, and discharged.

5.   Additional Actions; Cooperation.   The Parties agree to take such additional actions, including the execution and delivery of additional documents reasonably necessary to effectuate the provisions of this agreement. The Obligors agree to take such additional actions as are reasonably necessary to effectuate entry of Final Judgment.

6.   Agreement Fully Read and Understood.   This Agreement has been carefully read and the contents hereof are known and understood by the Parties. The Parties have each received independent legal advice from the attorneys of their choice with respect to the preparation, review, and advisability of executing this Agreement. Prior to the execution of this Agreement, the Parties had the opportunity for their respective attorney to review the Agreement, and the Parties acknowledged that they have executed this Agreement after independent investigation and without fraud, duress, or undue influence.

7.   Applicable Law.   The existence, validity, construction and operation of this Agreement, and all of its covenants, agreements, representations, warranties, terms, and conditions, shall be determined in accordance with the laws of the state of Florida. Any dispute pertaining to this Agreement or the documents executed in connection herewith shall be brought in the District Court, Middle District of Florida.

8.   Entire Agreement.   This Agreement and all documents executed in connection herewith sets for the entire Agreement between the parties and fully supersedes any and all prior and/or contemporaneous agreements or understandings between the Parties that pertain to the subject matter hereof. The terms of this Agreement may not be contradicted by evidence of any prior or contemporaneous agreement, and no extrinsic evidence whatsoever may be introduced to various terms in any judicial proceeding involving this Agreement.

9. <u>Modification</u>. This Agreement may be modified, but only if the modification is in writing and signed by the Parties to this Agreement.

10. <u>This Agreement Not to Supersede Note or Other Loan Documents</u>. This Agreement does not supersede the Loan Documents. The Loan Documents shall continue to govern the Loan until such time as Lender and the Obligors agree (if at all) to enter into other documents governing such debt. This Agreement and the Loan Documents shall govern the terms and conditions of the Loan. This Agreement does not waive, alter, or modify Lender's rights under the Loan Documents or otherwise waive or excuse any defaults thereunder, except as provided for herein.

11. <u>Severability</u>. Should any provision of this Agreement be declared or determined by any court to be illegal or invalid, the validity of the remaining parts, terms, or provisions shall not be affected thereby, and said illegal or invalid part, term, or provision shall be deemed not to be part of this Agreement.

12. <u>Counterparts.</u> This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same document. Faxed signatures may be accepted as originals.

13. <u>Mutual Drafting</u>. This Agreement is the product of negotiations "at arms length" between the Parties, all of whom are represented by counsel. As such, the terms of this Agreement are mutually agreed upon, and no part of this Agreement will be construed against the drafter.

14. <u>**WAIVER OF TRIAL BY JURY**</u>. The Parties hereby knowingly, voluntarily and intentionally waive the right they may have to a trial by jury in respect to any litigation based hereon, or arising out of, under or in connection with this Agreement, any document contemplated to be executed, or any underlying matter, course of dealing, statement (whether verbal or written) or action of the Parties.

| | |
|---|---|
| Eric S. Golden, Esq. | Richard S. Bergholtz, Esq. |
| Florida Bar No. 0146846 | Florida Bar No. 0493953 |
| Michael A. Nardella, Esq. | **POTTER CLEMENT BERGHOLTZ** |
| Florida Bar No. 51265 | **ALEXANDER** |
| **BURR & FORMAN, LLP** | 308 East Fifth Avenue |
| 200 S. Orange Avenue, Suite 800 | Mount Dora, FL 32757 |
| Orlando, FL 32801 | Telephone: (352) 383-4186 |
| Telephone: (407) 540-6600 | Facsimile: (352) 383-0087 |
| Facsimile: (407) 540-6601 | |
| | |
| **ATTORNEYS FOR PLAINTIFF** | **ATTORNEYS FOR DEFENDANTS** |

| | |
|---|---|
| TD BANK, N.A. | THE AUDAIN PERROTT FAMILY TRUST |
| By:_____<br>    Charles Flint | By: *[signature]*<br>    Fed Audain, as Trustee |
| Its:    Vice President | By: *[signature]*<br>    Wendy S. Perrott, as Trustee |
| Dated: _____, 2013 | Dated: 10/17, 2013 |

**HEALTHY CHOICE OBSTETRICS AND GYNECOLOGY, P.A.**

By: *[signature]*
    Wendy S. Perrot

Its: _____

Dated: 10/17/, 2013

**INDIVIDUAL DEFENDANTS**

*[signature]*
Wendy S. Perrot

Dated: 10/17, 2013

*[signature]*
Fed Audain

Dated: 10/17, 2013