**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**TD BANK, N.A., as successor in interest to Centerstate Bank of Florida, N.A., as successor in interest to TD Bank, N.A., as successor by merger to Carolina First Bank, as successor by merger to Mercantile Bank**

    **Plaintiff,**

v.                                      **Case No: 5:13-cv-316-Oc-22PRL**

**FED AUDAIN, WENDY S. PERROTT and HEALTHY CHOICE OBSTETRICS AND GYNECOLOGY, P.A.**

    **Defendants.**

## ORDER

Pending before the Court is Garnishee Fairwinds Credit Union's answer and demand for statutory attorney's fees. (Doc. 61). Garnishee files its answer to the writ of garnishment issued by Plaintiff TD Bank, N.A. and demands either reasonable attorney's fees pursuant to Fla. Stat. § 77.28 or, in the alternative, a $100 statutory fee if its answer is accepted and judgment entered.

Garnishee's answer, however, is not properly before the Court. On September 10, 2014, the Court granted the parties' agreed motion to dissolve the writs of garnishment because certain judgments entered in Lake County Circuit Court prompted Plaintiff to proceed solely in Circuit Court. (Doc. 60). Twelve days after the order dissolving the writ of garnishment, which Plaintiff

received in the mail from this Court, Garnishee filed its answer and demanded attorney's fees. The Clerk's office still has in its registry the $200 in writ of garnishment fees paid by Plaintiff.[1]

Because Garnishee's answer is not properly before the Court, the Court cannot address Garnishee's demand for reasonable attorney's fees, or its offer to accept $100 in the event its answer is accepted and judgment entered. Given these circumstances, the Court hereby directs the Clerk to disburse the $200 in writ of garnishment fees in its registry to Plaintiff. Further, the Court directs Plaintiff and Garnishee to file any subsequent demands for attorney's fees in the court with jurisdiction over this case.

The Court also directs Plaintiff to contact all relevant parties in this case and inform them that no further filings should be made in this Court, and advise them as to where to file any future documents.

**DONE** and **ORDERED** in Ocala, Florida on September 26, 2014.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[1] Under the new version of the relevant statute, these funds would not be filed with the Court. The current statutory provision, effective July 1, 2014, provides that "[u]pon issuance of any writ of garnishment, the party applying for it shall pay $100 to the garnishee on the garnishee's demand at any time after the service of the writ for the payment or part payment of his or her attorney fee which the garnishee expends or agrees to expend in obtaining representation in response to the writ." Fla. Stat. § 77.28.